# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re: Custombilt Firearms Manufacturing, LLC,

Case No. 26-20160-11

Debtor.

---

## U.S. Trustee's Objection to Debtors' Motion
## for Joint Administration

---

The U.S. Trustee objects to the debtor's motion for joint administration[1] because it appears likely to cause confusion rather than promote judicial economy and efficiency, and because there is an inherent conflict between the bankruptcy estates.

## Background

James and Ronda Anderson own Custombilt Firearms Manufacturing, LLC, which operates a gun store and range in Overland Park known as The Bullet Hole. The Andersons also own 6201 Robinson Street, LLC, which holds the real estate and leases it to Custombilt. Custombilt lost its federal firearms license in August 2023 and did not get it back until October 2025. This resulted in a loss of revenue and caused Custombilt to skip paying rent to Robinson.

---

[1] Doc. #10.

1

On February 6, both entities filed bankruptcy petitions. Custombilt is a small-business debtor and elected subchapter V. Because Robinson is a single asset real estate entity that is ineligible for subchapter V or small business, it filed as a traditional chapter 11.

According to their schedules, the two debtors have separate bank accounts. Robinson's real estate is subject to a mortgage to Wells Fargo. Custombilt and the Andersons are also liable on the Wells Fargo loan. Robinson has no income other than rent from Custombilt. Custombilt owns various personal property, and its largest unsecured creditor is Robinson. A subchapter V trustee has been appointed in Custombilt.

Custombilt and Robinson filed motions for joint administration.

## Argument and Authorities

When a debtor and an affiliate both file bankruptcy cases, the Court may, in its discretion, authorize joint administration of the cases.[2] Joint administration is typically authorized if it will promote procedural convenience and cost efficiencies without effecting the substantive rights of the creditors of the estates of affiliated debtors.[3]

---

[2] *See* Fed. R. Bankr. P. 1015(b)(1).

[3] *In re Samys OC*, Case No. 24-11166, 2025 Bankr. LEXIS 1434 (Bankr. D. Kan. June 9, 2025), citing *In re McKenzie Energy Corp.*, 228 B.R. 854, 874 (Bankr. S.D.

"One benefit of joint administration is to permit … consistent deadlines."[4] Before granting joint administration, a bankruptcy court "must consider how to protect the creditors of different estates against potential conflicts of interest."[5] Fed. R. Bank. P. 1015(b).

Here, the nature of their respective cases weighs against jointly administering the cases, which would cause confusion and provide little, if any, benefit. Custombilt's bankruptcy case is proceeding under subchapter V, which means it is supposed to move quickly and includes a 90-day deadline to file a plan. Robinson's bankruptcy case is a traditional 11. As a result, the cases are subject to different provisions of the Bankruptcy Code, including different deadlines, different disclosure requirements, and different plan confirmation standards, that will necessitate a variety of pleadings filed on the docket that are applicable to only one or the other debtor. The cases will not have consistent deadlines. Denial of joint administration is advisable when it is clear debtors are on "different tracks."[6]

---

Tex. 1998).

[4] *Id*. at *7.

[5] Fed. R. Bankr. P. 1015(b)(2).

[6] *See In re Samys OC*, Case No. 24-11166, 2025 Bankr. LEXIS 1434 (Bankr. D. Kan.

In addition, a subchapter trustee has been appointed in the Custombilt case, but he has no responsibilities in the Robinson case. If a committee were to be appointed in Robinson, its pleadings would pertain only to that case. And subchapter V provides Custombilt with the exclusive right to file a plan, while in Robinson's case, absent an extension, it will lose the exclusive right to file a plan after 120 days.[7]

Jointly administering these cases would thus produce a docket with jumbled entries, some applying to the Custombilt case and some applying to the Robinson case, which may create confusion with no particular benefit or cost-savings to either the debtors or the Court. To the extent issues arise among the debtors that would benefit from a joint approach, the Court has the discretion to set hearings in the two cases at the same time. The Court does not need joint administration for that purpose.

In fact, administering the cases separately could produce efficiencies. For example, if the cases are not jointly administered, the subchapter V trustee will not need to appear at every hearing in

---

June 9, 2025) (one debtor proposing a liquidating plan, others not).

[7] Compare 11 U.S.C. § 1189 with § 1121.

Robinson, thereby keeping costs down. And each plan will need to be balloted separately because of the different confirmation standards of each subchapter. Filing a plan on the docket in each case would thus not add any significant additional cost to either Debtor's estate and will instead better allow the Court and parties in interest to understand and track the confirmation of each plan.

And finally, there is a potential conflict between the two estates. Robinson is entirely dependent on money from Custombilt. It cannot confirm a plan without money from Custombilt. But moving money from Custombilt to Robinson—both owned by the Andersons—could likely mean less for Custombilt's creditors. The Bankruptcy Rules require the Court to take this potential conflict into account when deciding on joint administration.

Accordingly, the Court should exercise its discretion and deny the motion.

## Conclusion

While the debtors may be affiliated, their cases are subject to different standards. Administering both cases on the same docket will likely cause more confusion than less for anyone looking at the docket

5

and trying to understand what has occurred in one case versus the other. Jointly administering the cases would provide little if any benefit and may exacerbate the inherent conflict present between the entities, so the motion should be denied.

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By: s/Richard A. Kear
Richard A. Kear, #20724
Trial Attorney
301 N. Main St., Suite 1150
Wichita, KS 67202
(202) 573-6945
Richard.Kear@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on February 11, 2026, a true and correct copy of this **Objection** was electronically filed with the Court using the CM/ECF system, which sends notification to all parties of interest participating in this case through the CM/ECF system.

By: s/Richard A. Kear

Case 26-20160   Doc# 22   Filed 02/11/26   Page 6 of 6