**SO ORDERED.**

**SIGNED this 18th day of February, 2026.**



_____Dale L. Somers_____
Dale L. Somers
United States Chief Bankruptcy Judge

_____

## IN THE UNITED STATES BANKRUPTCY COURT
### FOR THE DISTRICT OF KANSAS
### AT KANSAS CITY

| | | | |
|---|---|---|---|
| In re: | CUSTOMBILT FIREARMS MANUFACTURING LLC, | ) ) | Case No. 26-20160-dls11 |
| | | ) | Chapter 11 (Voluntary) |
| | Debtor and Debtor-in-Possession | ) | Subchapter V |

### INTERIM ORDER (I) AUTHORIZING USE OF CASH COLLATERAL; (II) GRANTING ADEQUATE PROTECTION; AND (III) SCHEDULING A FINAL HEARING PURSUANT TO BANKRUPTCY RULE 4001(B)

THIS MATTER comes before the Court upon the Emergency Motion for Approval of Preliminary Order Pursuant to 11 U.S.C. § 363 and Fed. R. Bankr. P. 4001 Concerning the Use of Cash Collateral and Providing for Adequate Protection and Related Matters (Doc. #9; the "Motion") filed by Custombilt Firearms Manufacturing, LLC, the debtor and debtor-in-possession (the "Debtor").

The Court, having reviewed the Motion, the declarations and exhibits submitted in support thereof, including the Debtor's 13-week cash flow budget attached as ***Exhibit A*** (the "Budget"), and being otherwise fully advised in the premises, hereby finds and concludes as follows:

1. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The Debtor filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on February 6, 2026 (the "Petition Date") and continues to operate its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107 and 1108.

3. Certain cash and cash equivalents of the Debtor constitute "cash collateral" as defined in 11 U.S.C. § 363(a) (the "Cash Collateral"), in which one or more creditors may assert liens or security interests (the "Secured Parties").

4. The Debtor has demonstrated that the immediate and continued use of Cash Collateral is necessary to avoid immediate and irreparable harm to the Debtor's estate and to preserve the going-concern value of the Debtor's business.

5. The Debtor has proposed adequate protection that satisfies the requirements of 11 U.S.C. §§ 361 and 363(e) for any Secured Party asserting an interest in Cash Collateral.

6. The Budget was prepared in good faith, reflects reasonable and conservative assumptions based on historical operating results, and constitutes a reasonable projection of the Debtor's anticipated cash receipts and disbursements during the interim period.

**IT IS THEREFORE ORDERED** that the Motion is hereby GRANTED on an interim basis authorizing the Debtor's interim use of cash collateral and inventory until the next hearing on this matter which is currently set for March 12, 2026.

**IT IS FURTHER ORDERED** that the Debtor's interim use of Cash is expressly conditioned upon the following:

1. Authorization to Use Cash Collateral. Effective as of the Petition Date, the Debtor is authorized, on an interim basis, to use Cash Collateral solely to pay ordinary course and necessary operating expenses in accordance with the Budget attached to the Motion as Exhibit A, subject to the terms and conditions of this Order.

2. Budget Compliance and Variances. The Debtor shall operate substantially in accordance with the Budget. Recognizing that cash flow projections are estimates, the Debtor is authorized to incur **modest variances** from the Budget without further order of the Court, provided that: (a) variances in any individual line item do not exceed **ten percent (10%)**, and (b) aggregate disbursements for any measurement period do not exceed **ten percent (10%)** of the amounts

projected in the Budget. Any variance beyond these thresholds requires either the consent of the applicable Secured Party or further order of the Court.

3. Adequate Protection – Replacement Liens. As adequate protection for the use of Cash Collateral, and only to the extent of any valid, perfected, and unavoidable prepetition lien or security interest in Cash Collateral, each Secured Party is granted a replacement lien on post-petition cash collateral and proceeds thereof of the same type and priority as such Secured Party held as of the Petition Date, subject to the rights of the estate under the Bankruptcy Code. Such replacement liens shall be deemed automatically perfected upon entry of this Order without the necessity of further action, filing, or recording.

4. Adequate Protection – Enterprise-Level Considerations. The Court finds that the adequate protection provided herein is sufficient when considered in the aggregate with the periodic post-petition payments being made to the secured lender in the affiliated case of 6201 Robinson Street, LLC, pursuant to 11 U.S.C. § 362(d)(3), together with the preservation of the Debtor's going-concern value. Nothing in this Order shall constitute a finding or admission that any Secured Party is entitled to post-petition interest under 11 U.S.C. § 506(b).

5. Consigned Firearms and Proceeds. In the ordinary course of its business, the Debtor holds certain firearms on consignment for third-party owners, and that title to such consigned firearms remains with the respective consignors. Amounts received by the Debtor from the sale of consigned firearms that are attributable to the consignors' ownership interests, exclusive of the Debtor's commission, do not constitute property of the estate and do not constitute Cash Collateral. The Debtor is authorized, but not directed, to remit such consignor proceeds in the ordinary course of business, notwithstanding any cash collateral restrictions, and to continue accounting for and segregating such amounts in accordance with its existing business practices.

6. No Payment of Prepetition Debt. The Debtor is prohibited from using Cash Collateral to pay any prepetition principal or prepetition interest on any prepetition indebtedness, except as may be expressly authorized by a further order of this Court or by written agreement of the applicable Secured Party approved by the Court.

7. Insurance and Taxes. The Debtor shall maintain insurance on its assets in the ordinary course of business and shall timely file all required post-petition tax returns and make post-petition tax payments as they become due in the ordinary course and in accordance with the Budget.

8.      Reporting. The Debtor shall comply with all applicable operating reporting requirements of the United States Trustee and shall make such additional budget-to-actual information available to Secured Parties as may be required by this Court or agreed upon by the parties.

9.      Duration of Interim Relief. This Order shall remain in effect on an interim basis until the earlier of the entry of a final cash collateral order or further order of this Court.

**IT IS SO ORDERED.**

###

RESPECTFULLY SUBMITTED BY:

WM Law

s/ Ryan M. Graham
Ryan M. Graham, KS #79061
15095 W. 116th St.
Olathe, KS 66062
Phone (913) 422-0909 / Fax (913) 428-8549
graham@wagonergroup.com
*ATTORNEY FOR DEBTOR*