# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE DISTRICT OF KANSAS

In re: Custombilt Firearms Manufacturing, LLC,

Case No. 26-20160-11

Debtor.

---

## U.S. Trustee's Objection to Debtor's
## Application to Employ Attorneys

---

Under 11 U.S.C. § 327(a) and Fed. R. Bankr. P. 2014(a), the U.S. Trustee objects to the debtor's application to employ WM Law[1] because the law firm represents an adverse interest and its disclosures are insufficient.

## Background

James and Ronda Anderson own Custombilt Firearms Manufacturing, LLC, which operates a gun store and range in Overland Park known as The Bullet Hole. The Andersons also own 6201 Robinson Street, LLC, which holds the real estate and leases it to Custombilt. Custombilt lost its federal firearms license in August 2023 and did not get it back until October 2025. This resulted in a loss of revenue and caused Custombilt to skip paying rent to 6201 Robinson.

---

[1] Doc. #18.

On February 6, WM Law filed bankruptcy petitions for both entities. In Custombilt's schedules, it listed 6201 Robinson as a creditor with a claim of $136,457.95.[2] Custombilt also lists 6201 Robinson as its landlord and co-debtor on the Wells Fargo loan.[3]

On February 9, Custombilt filed an application to employ WM Law. In that application, WM Law says that it "is not connected in any manner with the Debtor, other than as Debtor's counsel, or with creditors or any other party in interest in this matter."[4] WM Law concludes that it is disinterested, "representing no interest adverse to the Debtor or the Debtor's estate."[5] WM Law discloses that the retainer, nearly all of which was used by pre-petition, was paid by Anderson, who is not a WM Law client but that "the firm has a strict duty of loyalty to the corporation, not to Mr. Anderson or any other party…."[6]

In the accompanying affidavit, WM Law attorney Jeffrey L. Wagoner states that WM Law "has no relevant connection to the

---

[2] Doc. #1 at 6 and 14.

[3] *Id.* at 16–17.

[4] Doc. #18 at 1-2 ¶6.

[5] *Id.* at 2 ¶6.

[6] *Id.*

2

Debtor, other than as Debtor's counsel, nor any relevant connection to the Debtor's creditors...."[7]

**Argument and Authorities**

**I.   WM Law appears to represent an adverse interest.**

To be retained for the bankruptcy estate, a professional must be disinterested and must not hold or represent an interest adverse to the estate.[8] The party seeking employment bears the burden of establishing that it satisfies both prongs.[9]

The purpose of Section 327(a) is to ensure impartiality in bankruptcy representation.[10] "Together, the statutory requirements of disinterestedness and no adverse interest to the estate 'serve the important policy of ensuring that all professionals appointed pursuant to section 327(a) tender undivided loyalty and provide untainted advice and assistance in furtherance of their fiduciary responsibilities.'"[11]

---

[7] *Id.* at 5 ¶3.

[8] 11 U.S.C. § 327(a).

[9] *Interwest Bus. Equip. v. United States Trustee* (*In re Interwest Bus. Equip.*), 23 F.3d 311, 318 (10th Cir. 1994).

[10] *Electro-Wire Prods. v. Sirote & Permutt, P.C. (In re Prince)*, 40 F.3d 356, 360 (11th Cir. 1994).

[11] *Kravit, Gass & Weber, S.C. v. Michel (In re Crivello)*, 134 F.3d 831, 836 (7th Cir. 1998), quoting *Rome v. Braunstein*, 19 F.3d 54, 58 (1st Cir. 1994)).

3

The Bankruptcy Code notes that representation of a creditor is disqualifying if there is "an actual conflict of interest."[12] "If it is plausible that the representation of another interest may cause the debtor's attorneys to act any differently than they would without that other representation, then they have a conflict and an interest adverse to the estate."[13] An actual conflict exists if there is "an active competition between two interests, in which one interest can only be served at the expense of the other."[14] When proposed counsel is unable or unwilling to represent the debtor in a dispute with another entity that counsel also represents, an actual disqualifying conflict arises.[15]

Doubt as to whether a particular set of facts gives rise to a disqualifying conflict of interest should resolved in favor of disqualification.[16]

Judge Herren recently declined to allow one law firm to represent four intertwined debtors with inter-company claims because the law

---

[12] 11 U.S.C. § 327(c).

[13] *In re e Git-N-Go, Inc.*, 321 B.R. 54, 58 (Bankr. N.D. Okla. 2004).

[14] *Id.*

[15] *Id.* at 61.

[16] *In re Wheatfield Bus. Park LLC*, 286 B.R. 412, 418 (Bankr. C.D. Cal. 2002).

4

firm would be representing adverse interests.[17] "[C]ounsel employed under § 327 must be 'free of any conflicting interests which *might …* affect the performance of their services or which *might* impair the high degree of impartiality and detached judgment expected of them during the administration of a case.'"[18]

Here, WM Law represents 6201 Robinson, which is a creditor of Custombilt—the second largest one, in fact. WM Law will not be able to fully advise either entity. During the case, Custombilt may propose a plan paying 6201 Robinson less than all its claim, and it could determine it is better off rejecting the lease with 6201 Robinson or moving to a different location. Similarly, 6201 Robinson is entirely dependent on money from Custombilt to propose any plan, and it may decide it is better off with a different tenant or in selling the building. But because those actions will injure another entity represented by WM Law—or the Andersons who paid WM Law's attorney fees—WM Law will be unable to represent all parties. The employment application is

---

[17] *See In re Samys OC, LLC*, Case No. 24-11166, 2025 Bankr. LEXIS 577 (Bankr. D. Kan. Mar. 11, 2025).

[18] *Id.* at *34 (emphasis in original), citing *In re 7677 E. Berry Ave. Assocs., L.P.*, 419 B.R. 833, 843 (Bankr. D. Colo. 2009).

silent as to how Custombilt and 6201 Robinson propose to carry out their fiduciary duties through shared counsel.

Accordingly, the Court should deny the employment application.

## II. WM Law's disclosures are insufficient.

Under Rule 2014(a), a professional seeking employment under 11 U.S.C. § 327 must file a verified statement of—among other things—the name of the person to be employed and "all of the person's connections with the debtor, creditors, any other party in interest, their respective attorneys and accountants," and the U.S. Trustee and its employees. The duty of disclosure is sacrosanct because complete and candid disclosure is indispensable to the court's discharge of its duty to assure a professional's eligibility for employment—or, in the language of Rule 2014(a), whether the employment is necessary.

Without exception, the rule requires complete disclosure of all connections, not merely those rising to the level of a conflict of interest.[19] The professional may not leave the court or other parties in interest to search the record for such relationships or otherwise ferret

---

[19] *In re Keller Fin. Servs. of Florida, Inc.*, 248 B.R. 859, 897 (Bankr. M.D. Fla. 2000); *In re Granite Partners, L.P.*, 219 B.R. 22, 35 (Bankr. S.D.N.Y. 1998).

6

them out.[20] Nor may the professional disclose only those connections that it subjectively believes are relevant.[21] In determining whether an applicant has complied with the rule, it is the degree of completeness of the disclosure, rather than the applicant's subjective intent or state of mind, that is material.[22] Failure to be meticulous in disclosing all connections with the debtor and other parties justifies a court in taking significant punitive or corrective action, even if there was no prejudice in the end.[23] And the duty to disclose continues throughout the case, requiring "spontaneous, timely, and complete disclosure."[24]

---

[20] *In re BH&P, Inc.*, 949 F.2d 1300, 1317–18 (3d Cir. 1991). *See also In re Matco Elecs. Group, Inc.*, 383 B.R. 848, 853–54 (Bankr. N.D.N.Y. 2008) (stating that Rule 2014 "is not intended to condone a game of cat and mouse, where the professional seeking appointment provides only enough disclosure to whet the appetite of the UST, the court or other parties in interest, and then the burden shifts to those entities to make inquiry in an effort to expand the disclosure"); *In re Granite Partners, L.P.*, 219 B.R. at 35 (stating that a court should not have to "rummage through files or conduct independent fact finding investigations" to determine whether a professional should be disqualified).

[21] *In re Matco Elecs. Group, Inc.*, 383 B.R. 848 at 853.

[22] *In re Begun*, 162 B.R. 168, 177 (Bankr. N.D. Ill. 1993).

[23] *In re Byington*, 454 B.R. 648, 657 (Bankr. W.D. Va. 2011). *See also* 9 *Collier on Bankruptcy* ¶ 2014.03 (16th ed. 2020) ("[A] failure to disclose any fact that may influence the court's decision may result in a later determination that disclosure was inadequate and that sanctions should be imposed on the professional.") (citing *In re Leslie Fay Cos.,*, 175 B.R. 525 (Bankr. S.D.N.Y. 1994); *In re B.E.S. Concrete Prods., Inc.*, 93 B.R. 228 (Bankr. E.D. Cal. 1988); *In re D.L. Enters.*, 89 B.R. 107 (Bankr. C.D. Cal. 1988)).

[24] *In re The Harris Agency*, 462 B.R. 514, 524 (E.D. Pa. 2011 (citation omitted).

Here, the employment application and declaration fall short of the standard of complete, candid disclosure. In the application and affidavit, WM Law does not even mention its representation of 6201 Robinson, a creditor of Custombilt. And its statements about not representing or having connections with a creditor appear to be incorrect.

Under Rule 2014(a), it is not up to the U.S. Trustee to ferret out that information; it is the duty of the debtor and its proposed professionals to be transparent upfront. Compliance with the rule demands more than leaving it up to the Court or another party to find that information elsewhere. This silence on matters specifically required by Rule 2014 does not comport with the letter or the spirit of the rule. Without this information, the Court cannot "evaluate fully whether the professional is actually disinterested."[25]

## Conclusion

The burden of proving the facts necessary to support the employment application falls on the debtor. Custombilt has not met its

---

[25] *Jensen v. United States Trustee* (*In re Smitty's Truck Stop, Inc.*), 210 B.R. 844, 850 (10th Cir. BAP 1997).

Case 26-20160    Doc# 37    Filed 03/02/26    Page 8 of 9

burden to show that its proposed counsel does not represent an interest

adverse to the bankruptcy estate and that it has disclosed all

connections as required.

Respectfully submitted,

ILENE J. LASHINSKY,
UNITED STATES TRUSTEE

By: s/Richard A. Kear
Richard A. Kear, #20724
Trial Attorney
301 N. Main St., Suite 1150
Wichita, KS 67202
(202) 573-6945
Richard.Kear@usdoj.gov

## CERTIFICATE OF SERVICE

I certify that on March 2, 2026, a true and correct copy of this **Objection** was electronically filed with the Court using the CM/ECF system, which sends notification to all parties of interest participating in this case through the CM/ECF system.

By: s/Richard A. Kear

9